MOBIL CHEMICAL COMPANY v. MEDICAL PLASTICS CORPORATION
OF AMERICA

No. 6918SC417

(Filed 22 October 1969)

**Sales § 10— action for goods sold and delivered — jury question**

In this action for the purchase price of polyethylene film embossed to 8 mils allegedly sold and delivered to defendant, question of whether the parties contracted for film embossed to 8 mils or for film embossed to 6 mils was for the jury, where the evidence showed that defendant by telephone ordered from plaintiff film embossed to 8 mils, and that the purchase order sent by defendant to confirm the sale described the film as embossed to 8 mils but also specified that the product was to conform to an enclosed sample, which was embossed to 6 mils.

APPEAL by plaintiff from *Godwin, S.J.,* 24 March 1969 Civil Session of Superior Court held in GUILFORD County.

This is a civil action by plaintiff to recover the purchase price for a quantity of polyethylene film alleged to have been sold and delivered by it to defendant.

From the entry of judgment of nonsuit, plaintiff appealed.

*Weinstein and Weinstein by Robert M. Weinstein; and Perry C. Henson and Daniel W. Donahue by Daniel W. Donahue for plaintiff appellant.*

*Smith, Moore, Smith, Schell & Hunter by Jack W. Floyd for defendant appellee.*

MALLARD, C.J.

Plaintiff alleges that the defendant is indebted to it in the sum of $10,659.18 for the purchase price of polyethylene film sold, manufactured and delivered to defendant as ordered.

Defendant denies owing plaintiff any sum, alleging that the polyethylene film delivered to it by plaintiff did not conform to the characteristics of the sample attached to the purchase order.

The evidence taken in the light most favorable to plaintiff tends to show that after some preliminary negotiations, defendant, acting through its agent, by telephone on or about 17 October 1967, purchased from plaintiff 20,000 pounds of polyethylene film described as follows: The gauge of the film was 3 mils diamond embossed to 8 mils; the tint was defendant's Medi-Gard Green plus G-11 hexachlorophene additive; the width of the film was 36 inches on rolls having an outside diameter of 14 inches on 3-inch cores; the film was to be delivered within ten days to two weeks. Nothing was said by defendant at the time of the telephone order about submitting a sample film. Immediately upon receipt of the telephone order, plaintiff began work toward manufacturing the film.

After the telephone conversation, defendant prepared and sent to plaintiff its Customer Purchase Order to confirm the transaction. Attached to the purchase order was a small sample of polyethylene film which was 3 mils diamond embossed to 6 mils; colored Medi-Gard Green plus G-11 hexachlorophene additive. The purchase order described the product as:

"20,000 lb. Polyethylene film 3 mil. diamond embossed to 8 mil., 0.25% G-11 content Medi-Gard Green color; film width, 36" on 3" core; 14" O.D."

Also on the defendant's purchase order below the foregoing words appeared the following: "Must conform to characteristics of en-

closed sample." Plaintiff in its manufacturing plant gave preference to defendant's order and manufactured and delivered it by truck as it had contracted to do. The film as manufactured and delivered was 3 mils diamond embossed to 8 mils. Defendant has not paid plaintiff for the film. Defendant offered no witnesses but cross-examined plaintiff's only witness in regard to its defense that the delivered film was of inferior grade and was "fully unsuitable for the purpose for which it was ordered"; that the tensile strength of the film and its resistance to tear was much lower than the sample attached to the order. The evidence also tended to show that the difference between the characteristics of the sample attached to the order and the film supplied defendant was in strength and tear resistance, the film supplied being "slightly weaker" than the sample film attached to the order. Plaintiff's witness testified: "The testing that we did indicated that this difference in strength and tear resistance was the result of a deeper embossing." From the evidence, it appears that the difference in strength and tear resistance of the film ordered resulted from the requirement of the defendant that the film be 3 mils embossed to 8 mils. The defendant's Customer Purchase Order differs from the order given on the telephone in that the characteristics of the sample of 3 mils diamond embossed to 6 mils is contradictory to the 3 mils diamond embossed to 8 mils according to the telephone order, as well as the written part of the defendant's purchase order. It is this difference, according to the evidence, that resulted in the film supplied being "slightly weaker" than the sample film.

In *Anderson Co. v. Manufacturing Co.*, 206 N.C. 42, 172 S.E. 538 (1934), Justice Brogden, speaking for the Court, said:

"It is apprehended that the correct rule as pronounced by this Court is that in sales by sample the seller must deliver goods of the same kind, condition, quality, design and color *where any or all of these elements are of the essence of the contract.*" [Emphasis Added].

In the case before us, the sample attached to the purchase order was 3 mils diamond embossed to 6 mils. The telephone order and the wording in the purchase order required the film to be 3 mils diamond embossed to 8 mils. The film delivered was 3 mils diamond embossed to 8 mils. Whether the parties contracted for polyethylene film 3 mils diamond embossed to 6 mils as shown by the sample or for polyethylene film 3 mils diamond embossed to 8 mils as shown by the telephone order and the written part of the defendant's purchase order is a question of fact to be decided by the jury.

For the reasons stated, the judgment of the court allowing the defendant's motion for judgment as of nonsuit is

Reversed.

MORRIS and HEDRICK, JJ., concur.